FILED
JUNE 26 2025
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

SARA E. HENDERSON (CABN 329977)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7181
    FAX: (415) 436-7234
    Sara.Henderson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>     v. <br> VICTOR ANTHONY MASON JR., <br>     Defendant. | CASE NO. 3:25-mj-70736 MAG <br><br> **MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR DETENTION** |

## INTRODUCTION

The defendant, Victor Anthony Mason Jr., did not simply illegally possess a firearm and ammunition; he used that firearm to rob a couple who had just left a night club threatening their lives over a gold necklace. Specifically, the defendant held a semiautomatic pistol to the stomach of a 21-year-old male victim (hereinafter, "D.O.") and told him "you don't want to die today." When D.O.'s friend (hereinafter "S.S.") tried to intervene, the defendant told her, "you can get popped too." The defendant took off with the necklace, and when police approached him, he ran. The defendant did this while on probation and while knowing that he was a convicted felon and thus he knowingly unlawfully possessed a firearm and ammunition in violation of 18 U.S.C. § 922(g).

In addition to the violent nature of the current offense, the defendant has a long criminal history

of violent offenses including robbery, domestic violence, and obstructing or evading law enforcement (including a car chase). He also failed to follow conditions of release in each and every case in state court. For the reasons discussed below, the defendant should be detained pending trial because he is both a danger to the community and poses a risk of flight. There are no conditions of release that could adequately mitigate these risks, and thus, pretrial detention is necessary and appropriate.

## BACKGROUND

### I.   The Charged Offense

On July 6, 2024, at approximately 1:40 a.m., D.O. and S.S. left Origin nightclub located at 1358 Filmore Street, San Francisco. As the pair walked to S.S.'s car located in a Safeway parking lot, the defendant and another individual followed them.[1] The defendant asked them, "where the after party?" The defendant also asked if D.O.'s necklace was real and where D.O. lived.

When D.O. and S.S. reached the vehicle, the defendant and the other suspect approached D.O. on the passenger side. Each put a gun to D.O.'s stomach, and the defendant told D.O., "you don't want to die today." S.S. came over to the passenger side of the vehicle to intervene, and the defendant told her, "you can get popped too." The defendant then demanded D.O.'s necklace. D.O. complied because he feared for his life. The defendant also tried to take D.O.'s car keys, but D.O. said the keys he had were not for the car at the scene. Then the defendant and his accomplice fled the scene. This all occurred in a well-lit, busy parking lot full of clubgoers and other individuals, but that did not deter the defendant.

D.O. and S.S. drove to a nearby McDonalds and called the police. SFPD responded at approximately 1:54 a.m., and at approximately 2:02 a.m., officers located a suspect matching the victims' description of one of the suspects (ultimately identified as Victor Anthony Mason Jr.). Officers found the defendant standing in front of Origin nightclub, and when they attempted to make contact, the defendant ran. After a brief foot pursuit, the defendant was taken into custody in the parking lot where the robbery occurred. During the foot pursuit, Officer Mohammed heard a clanking sound like a metal object hitting the pavement. After the defendant was in handcuffs, Officer Mohammed located a loaded

---

[1] The pair first encountered the defendant and his associate when they entered the club around 11:30 p.m. when the defendant's associate asked whether S.S. was single, and D.O. responded she was not.

Ruger semiautomatic pistol on the ground in the parking lot along the path that the defendant fled – approximately five paces from the location where the defendant was arrested.

The victims separately positively identified the defendant in a cold show approximately one hour after the offense. Both victims also identified the firearm that Officer Mohammed found on the scene as the firearm that the defendant used during the offense. Subsequent DNA testing confirmed the defendant's possession of the firearm and ammunition.

## II.   Defendant's Criminal History

The defendant has a lengthy and violent criminal history. He has sustained felony and misdemeanor convictions and numerous arrests for domestic violence, robbery, fleeing and obstructing law enforcement and numerous probation and parole violations. The record is detailed below.

| Offense Date | Arrest Only | Conviction Date | Offense(s) | Sentence |
|---|---|---|---|---|
| 9/3/2010 | N | 12/14/2010 | Second Degree Robbery (Cal. Pen. Code §§ 211; 212.5(c)), a felony | 1 year jail; 3 years probation |
| 2/24/2012 | N | 07/15/2013 | Petty Theft (Cal. Pen. Code § 488), a misdemeanor; Obstruction of a Police Officer (Cal. Pen. Code § 148(a)(1)), a misdemeanor | 16 days jail; 2 years probation |
| 10/2/2012 | Y | N/A | Battery of a Spouse (Cal. Pen. Code § 243(e)(1)); Probation Violation (Cal. Pen. Code § 1203.2) | N/A. Probation revoked in lieu of prosecution. |
| 5/3/2013 | Y | N/A | Arrest warrant issued in the 2/4/2012 matter referenced above | N/A |
| 8/14/2014 | N | 09/03/2014 | Battery of a Spouse (Cal. Pen. Code § 243(e)(1)), a misdemeanor | 41 days jail; 3 years probation |
| 5/12/2015 | N | N/A | Parole violation | 3 years in prison |
| 7/9/2015 | Y | N/A | Battery of a Spouse (Cal. Pen. Code § 243(e)(1)); Probation Violation (Cal. Pen. Code § 1203.2). | N/A |
| 4/7/2021 | Y | N/A | Prohibited Possession of Ammunition (Cal. Pen. Code § 30305(a)(1)); Felon in Possession of a Firearm (Cal. Pen. Code § 29900(a)(1)) | N/A |

| Offense Date | Arrest Only | Conviction Date | Offense(s) | Sentence |
|---|---|---|---|---|
| 8/3/2021 | N | 9/27/2022 | Fleeing a Police Officer in a Vehicle (Cal. Veh. Code § 2800.2), a felony; and Two Counts of Obstructing a Police Officer (Cal. Pen. Code § 69), a misdemeanor | 270 days jail; 2 years probation |

The defendant had compliance issues in each case. His earliest conviction, from December 2010, stemmed from initial charges of carjacking, first degree robbery, and conspiracy. The defendant was ultimately convicted of second degree robbery, a felony, and sentenced to 1 year in jail and 3 years' probation. One of the conditions of his term of probation included a firearm restriction.

While serving that term of probation, he was arrested two times, once in February 2012 and another in October 2012, and one offense resulted in conviction on new charges while the other was resolved by probation revocation in lieu of filing new charges. An arrest warrant issued in the February 2012 matter, and the defendant was ultimately sentenced July 2013. The defendant violated the term of probation in that case by committing a new offense in August 2014 for which he was convicted. Then in May 2015, records indicate he violated parole and was sentenced to 3 years' imprisonment. Just two months later, the defendant was arrested again for battery of a spouse and violation of probation.

In April 2021, he was arrested for illegally possessing a firearm and ammunition. Finally, in August 2021, the defendant was arrested for child cruelty, fleeing police officers in a vehicle, assault on a police officer, obstruction of a police officer, driving under the influence, and vandalism. The defendant was ultimately convicted of one felony count of fleeing police officers in a vehicle and two misdemeanor counts of obstruction of a police officer.

The defendant was serving a term of probation for that offense when he committed the instant offense underlying the government's complaint. The defendant was initially charged by the San Francisco District Attorney's office, and the defendant was detained pending trial in that matter until the state dismissed its charges in light of the federal complaint.

## LEGAL STANDARD

Under the Bail Reform Act of 1984, as amended, the Court must detain a defendant pretrial

without bail where "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community." 18 U.S.C. § 3142(e)(1).  Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary for the government to prove both.  *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).  A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence.  *Id*.

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in § 3142(g)."  *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019).  Those factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

## ARGUMENT

All of the factors weigh in favor of detention as the defendant is both a danger to the community and a flight risk.  No combination of conditions will reasonably assure the defendant's appearance at future court dates or assure the safety of the community.

**I.    The Nature and Circumstances of the Offense and the Defendant's History and Characteristics Demonstrate He Is a Danger to the Community.**

This offense alone shows that the defendant poses a significant danger to the community.  He followed S.S. and D.O. to their car and threatened both of their lives while holding a semiautomatic Ruger pistol to D.O.'s stomach.  The defendant was not deterred by the number of onlookers in the well-lit, crowded parking lot.  Moreover, he robbed D.O. at gunpoint while on probation and knowing he had two prior felony convictions.

Additionally, the fact that the defendant—as a convicted felon—possessed a loaded firearm

weighs in favor of detention. *See, e.g.*, *United States v. Brewer*, 2013 WL 791312, at *2 (N.D. Cal. 2013) (carrying a loaded firearm weighed in favor of detention because it "indicate[d] that he may be violent and pose a danger to the community").

The evidence supporting his guilt is strong, too. Among other things, the weapon was found on the flight path the defendant took to flee police officers (just five paces from where he was arrested), D.O. identified it as the weapon pressed to his stomach, and DNA testing corroborated the defendant's possession. *See generally* Compl., Servat Aff. At the time he possessed the gun, the defendant was also on probation for fleeing from law enforcement in a car chase that weighs in favor of detention. *See United States v. Daniels*, 2020 WL 10731886, at *5 (N.D. Cal Sept. 28, 2020) (detaining a defendant charged with § 922(g)(1) who was on active parole for a prior firearm offense).

The defendant's criminal history also shows that he is a danger to the community. He has at least two arrests and one conviction related to domestic violence, his first felony conviction was for second degree robbery, and his most recent felony conviction involved a car chase. These offenses show that he is danger to the people he knows and the community at large. Moreover, the defendant is committed to possessing a firearm even though he has long been prohibited from doing so. The defendant was convicted of felony robbery in 2010, and he was arrested in April 2021 for unlawfully possessing a firearm and ammunition. And as alleged, he was found again to unlawfully possess a firearm and ammunition in July 2024. He repeatedly abuses his partner(s), obstructs police officers, and flees from police officers (as he did during this offense). It is telling that the San Francisco Superior Court detained the defendant pending trial since July 2024. This Court should not allow the defendant to use a transfer of jurisdiction to get released. The defendant poses too much risk of danger to the public, and the only way to safeguard the community from the defendant is to detain him pretrial.

## II. The Defendant is a Significant Flight Risk

The defendant has repeatedly flouted court orders and thus poses a serious flight risk. As discussed, the defendant committed the current offense while on probation and he fled law enforcement when they arrived on the scene. The defendant's criminal history is full of examples of his willingness to evade law enforcement and shirk court orders. For every conviction, the defendant has had his probation revoked, and in some instances, he sustained new convictions for those probation violations.

1  There is no reason to believe that the defendant's compliance would improve.  The weight of the
2  evidence and the potentially significant sentence he faces if convicted, increase the risk that he will flout
3  court-ordered conditions of release and flee.
4      Pretrial services agrees that the defendant poses both a danger to the community and a flight risk,
5  but nevertheless states the proposed conditions of release (namely, his purported willingness to engage
6  in substance abuse and mental health treatment programs) will somehow safeguard against it all.  The
7  government strongly disagrees.  The defendant has a long track record of disregarding conditions of
8  release and committing violent crimes while on probation.  That is most likely why he has been detained
9  pending trial in state court for the past year.  Moreover, no one has agreed to act as the defendant's
10 custodian to ensure he complies with the conditions of release, and the defendant's siblings and the
11 mother of his children were not willing to assist with the defendant's bail.

## CONCLUSION

12
13     For the reasons set forth above, there are no set of conditions that will reasonably assure the
14 appearance of the defendant at court proceedings or ensure the safety of the community.  The defendant
15 should be detained.

17 DATED:  June 26, 2025                    Respectfully submitted,

18                                           CRAIG H. MISSAKIAN
                                             United States Attorney
19

20
                                              /s/ Sara Henderson
21                                           SARA E. HENDERSON
                                             Assistant United States Attorney
22